UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION


| | | |
|---|---|---|
| EUGENE H. HINDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2:09CV00004 ERW |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner | ) | |
| of the Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |


**MEMORANDUM AND ORDER**

This matter comes before the Court on the Report and Recommendation of United States

Magistrate Judge Audrey G. Fleissig [doc. #15], pursuant to 28 U.S.C. § 636(b).  In this case,

Plaintiff Eugene H. Hinds ("Plaintiff") seeks judicial review of the decision of the Commissioner

of Social Security which denied Plaintiff's application for disability insurance benefits under Title

II of the Social Security Act, 42 U.S.C. §§ 401-34.  Magistrate Judge Fleissig recommended that

this matter be reversed and remanded, and the Court notes that Defendant timely filed an

Objection to the Report and Recommendation [doc. #16].

"[W]hen a party objects to the report and recommendation of a magistrate judge

concerning a dispositive matter, '[a] judge of the court shall make a de novo determination of

those portions of the report or specified proposed findings or recommendations to which

objection is made.'" *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (quoting 28

U.S.C. § 636(b)(1)).  In this case, Defendant objects to Magistrate Judge Fleissig's conclusion

that the Administrative Law Judge ("ALJ") improperly assigned too little weight to Nurse

Margaret Davis's February 21, 2007 medical source statement, while accepting the reviewing opinion of Dr. Paul Stuve.  Therefore, the Court will conduct a de novo review of this portion of the Report and Recommendation.

In denying Plaintiff's application for disability insurance benefits, the ALJ accepted "the May 2005 opinion of state agency medical consultant Paul Stuve, Ph.D.," and gave little weight to the opinions of Margaret Davis, A.P.R.N., and Michael Gadson, M.D., the mental health professionals who treated Plaintiff at Comprehensive Health Systems, Inc.  (Pl.'s Ex. A, doc. # 1-6).  The ALJ reasoned that Nurse Davis's opinions were not supported by Plaintiff's treatment history at Comprehensive Health Systems, and she had only seen Plaintiff for three months before writing her medical source statement, which was not accompanied by progress notes.  Plaintiff asserts that the ALJ erred in reaching this conclusion because Nurse Davis, who was an employee of Comprehensive Health Systems, had access to Plaintiff's medical records from the past three years.  Additionally, Plaintiff argues that the missing progress notes were submitted to the Appeals Counsel, and they were consistent with both her medical source statement and Dr. Gadson's treatment notes.

This Court agrees with Plaintiff and Magistrate Judge Fleissig, and finds that the ALJ erroneously place too much emphasis on Dr. Stuve's opinion, in lieu of the mental health professionals who actually examined and treated Plaintiff.  In evaluating the weight of a medical opinion, more weight is given "to the opinion of a source who has examined [the claimant] than to the opinion of a source who has not examined [the claimant]."  20 C.F.R. § 404.1527(d)(1).  In this case, Dr. Stuve did not actually examine Plaintiff, while Dr. Gadson and Nurse Davis both

played a part in Plaintiff's mental health treatment at Comprehensive Health Services. Thus, the opinions of Dr. Gadson and Nurse Davis should be given more weight.

Additionally, Dr. Gadson and Nurse Davis treated Plaintiff, while Dr. Stuve did not. Generally, more weight is given to the opinions of those professionals who actually treated the claimant, if those opinions are supported by "medically acceptable clinical and laboratory diagnostic techniques" and are "not inconsistent with the other substantial evidence" in the record. 20 C.F.R. § 404.1527(d)(2). This is because "these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [the claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations." *Id.* This Court does not believe that the opinions of Dr. Gadson and Nurse Davis are inconsistent with other substantial evidence in this case. Their opinions are consistent with one another, and Nurse Davis's once questionable medical source statement is supported by the treatment notes that were submitted to the Appeals Counsel. Thus, the opinions of Dr. Gadson and Nurse Davis should be given more weight.

Defendant argues in his Objection that Nurse Davis's opinion should not be given significant weight in examining Plaintiff's claim for disability benefits because her medical source statement was issued several months after Plaintiff's date last insured. This Court agrees that "Plaintiff must show that he became disabled prior to the expiration of his insured status on December 31, 2006, to be eligible for disability benefits under Title II." (Def.'s Obj., doc. #16). However, this does not preclude the ALJ from considering evidence that came about after the claimant's date last insured; rather, the ALJ may use such evidence to draw conclusions regarding

the claimant's condition prior to his or her date last insured. Thus, in this case, although Nurse Davis's medical source statement was dated February 21, 2007, the opinions within her statement may give the ALJ some information as to Plaintiff's mental health condition prior to December 31, 2006. Additionally, records concerning Plaintiff's hospitalization in 2007 may be considered to the extent that they inform the ALJ about Plaintiff's mental health condition prior to Plaintiff's date last insured.

Defendant also makes various references to the lengthy gaps in Plaintiff's mental health treatment, arguing that this evidence supports the ALJ's determination that Plaintiff's mental impairments were not completely disabling. The Court recognizes that this evidence is relevant and informative, but does not believe that it can be considered substantial evidence that is inconsistent with the opinions of Nurse Davis and Dr. Gadson, without further development of the record. The Court reminds Defendant that by reversing and remanding this action, the Court is not implying that the ALJ should return a finding of "disabled." There is still substantial evidence indicating that benefits should not be awarded. The matter is remanded so that the ALJ has the opportunity to more closely examine the opinions of medical professionals regarding Plaintiff's mental residual functional capacity, and to more fully develop the record.

The Court therefore adopts the Report and Recommendation of Magistrate Judge Fleissig, and reverses and remands this case, for further proceedings consistent with this Opinion and with Magistrate Judge Fleissig's Report and Recommendation.

Accordingly,

**IT IS HEREBY ORDERED** that under sentence four of 42 U.S.C. § 405(g), the final decision of the Commissioner of Social Security denying Plaintiff Eugene H. Hinds disability

benefits is **REVERSED**, and the case is **REMANDED** to the Commissioner for further

proceedings.

Dated this <u>30th</u> Day of <u>March</u>, 2010.


E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE