UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| EUGENE H. HINDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:09CV00004 ERW |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of the Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff's Application for Attorney's Fees under the Equal Access to Justice Act [doc. #18].

On March 30, 2010, the Court entered a Memorandum and Order [doc. #17] adopting Magistrate Judge Audrey G. Fleissig's Report and Recommendation that the denial of Plaintiff Eugene H. Hinds' application for disability insurance benefits should be reversed and the matter should be remanded to Defendant Michael J. Astrue ("the Commissioner") pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings. On April 15, 2010, Plaintiff filed the present Motion, seeking to recover attorney's fees totaling $2,592.75 under the Equal Access to Justice Act.

28 U.S.C. § 2412(d)(1)(A) provides that courts "shall award" fees and expenses incurred by a "prevailing party" in certain non-tort civil suits against the United States unless "the position of the United States was substantially justified" or "special circumstances made an award unjust." An order remanding a Social Security claimant's case pursuant to sentence four of 42 U.S.C. § 405(g) requires entry of a final judgment and puts the claimant in the position of a "prevailing

party" for purposes of recovering fees and expenses. *Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993).

There is no dispute that the hours of legal service claimed and the hourly rate applied are in all respects reasonable and that counsel should promptly be paid for services performed.. Ordinarily, claims in these cases are summarily granted. However, the Commissioner filed a response to Plaintiff's application for attorney fees, arguing that the position of the Commissioner was substantially justified, and under the clear reading of 28 U.S.C. § 2412(d)(1)(A), Plaintiff's claim must be denied.

The Supreme Court addressed the meaning of the phrase "substantially justified" in the Equal Access to Justice Act statute, indicating that it meant "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 108 S.Ct. 2541, 2550-51 (1988). *Welter v.Sullivan*, 941 F.2d 674, 676 (8th Cir. 1991), sets forth the Eighth Circuit's definition of substantially justified:

> The district court correctly recognized that "fees are not be awarded just because the Secretary [loses a] case." *Brouwers*, 823 F.2d at 275. The Secretary's position in denying benefits can be substantially justified even if the denial is unsupported by substantial evidence on the record as a whole. *See id.; Jackson,* 807 F.2d at 128-29. This is so because the substantial evidence and substantial justification standards are different. *Jackson,* 807 F.2d at 128-29; *Broussard v. Bowen,* 828 F.2d 310, 311-12 (5th Cir.1987); *Pullen,* 820 F.2d at 108; *Federal Election Comm'n v. Rose,* 806 F.2d 1081, 1087 (D.C.Cir.1986); *Couch v. Secretary of Health & Human Servs.,* 749 F.2d 359, 360 (6th Cir.1984) (per curiam). Under the substantial evidence standard, the district court must consider evidence that both supports and detracts from the Secretary's position. *Clarke v. Bowen,* 843 F.2d 271, 272 (8th Cir.1988). In contrast, under the substantial justification standard the district court only considers whether there is a reasonable basis in law and fact for the position taken by the Secretary. *Pierce,* 487 U.S. at 559, 108 S.Ct. at 2547; *Broussard,* 828 F.2d at 312. Because the standards are "neither semantic nor legal equivalents," *Broussard,* 828 F.2d at 311, the Secretary can lose on the merits of the disability question and win on the application for attorney's fees, *id.* at 312.

Turning to the facts of the case to determine if the Commissioner carries the ascribed burden of proof to defeat Plaintiff's request, the Magistrate Judge concluded that there was not overwhelming evidence supporting an award of benefits. This Court made similar conclusions. The Court is constrained to conclude, under the very substantial authority in this Circuit, that under all of the facts and circumstances of this case, that a reasonable person could have agreed with the Commissioner that Plaintiff was not disabled as defined in the Act. The Commissioner has accordingly satisfied the burden of proof that the reasonableness of the position in both the administrative and judicial proceedings was substantially justified. *See Jackson v. Bowen,* 807 F.2d 127, 128 (8th Cir. 1986) (the Secretary bears the burden of proving that its position in the administrative and judicial proceedings below was substantially justified) (internal citation omitted).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application for Attorney's Fees under the Equal Access to Justice Act [doc. #18] is **DENIED.**

So Ordered this 29th Day of November, 2010.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE